105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dieter STUSSY, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; City of Long Beach; United States of
America, Defendants-Appellees.
 No. 95-55672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dieter Stussy appeals the district court's summary judgment in favor of the City of Los Angeles, the City of Long Beach and the United States, in Stussy's civil rights action. Stussy contends that defendants violated his constitutional rights in connection with his 1993 arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Erdman v. Cochise County, Ariz., 926 F.2d 877, 881 (9th Cir.1991), and affirm.
 
 
 3
 * Background
 
 
 4
 On April 14, 1990, a police report was filed alleging that Dieter Stussy was observed slashing a tire on the vehicle of Laura Rubio. On June 18, 1990 a criminal complaint was filed against Stussy and a letter was sent to him informing him of the filing of the complaint and of the arraignment date. When Stussy failed to appear for the arraignement, the court issued a warrant for his arrest.
 
 
 5
 Almost two and one-half years later, Stussy was arrested at his workplace by the Long Beach Police Department based on the outstanding warrant. The Police Department had been notified of the warrant by Stussy's employer, the Internal Revenue Service ("Service"), after the Service conducted an internal investigation of Stussy's criminal history.
 
 
 6
 After his arrest, Stussy filed a motion to dismiss the criminal action for violation of his right to a speedy trial. Stussy asserted that because the City of Los Angeles misaddressed the June 8, 1990 notification letter, he never received notice of the complaint or of the arraignment date prior to his arrest. Stussy's motion was granted and the criminal case was dismissed on March 26, 1993. Stussy subsequently filed a section 1983 action against the Cities of Long Beach and Los Angeles alleging constitutional violations arising from the arrest. Stussy also filed an FTCA action against the Service and supplemental state claims against the various defendants alleging negligence and false arrest.
 
 II
 Analysis
 A. City of Los Angeles
 
 7
 Stussy contends that the City of Los Angeles violated his constitutional rights when they sent notice of his upcoming arraignment to the wrong address. Stussy contends that this error resulted in the issuance of an invalid warrant and his subsequent arrest without due process. Stussy's contention of a constitutional violation fails because the warrant in this case was issued upon probable cause. See Baker v. McCollan, 443 U.S. 137, 144 (1979) (arrest based on probable cause cannot be the basis of a constitutional violation); Gerstein v. Pugh, 420 U.S. 103, 120 (1975) (finding probable cause when the facts and circumstances within the arresting officer's knowledge would lead a reasonable prudent person to believe that a crime has been committed).
 
 
 8
 Even if Stussy could show a constitutional violation arising from the fact that he never received notice of the hearing, his section 1983 action would fail under Monell v. New York City Dept. of Social Servs. 436 U.S. 658, (1978) because Stussy has not shown that the City habitually misaddressed notification letters so as to result in the issuance of invalid warrants. See Erdman, 926 F.2d at 882.
 
 B. Long Beach
 
 9
 Stussy contends that the City of Long Beach violated his constitutional rights because Long Beach police officers should have known the warrant was invalid and because the officers failed to show him the original arrest warrant at the time of his arrest, as required by California statute.
 
 
 10
 Even if the warrant in this case was invalid, Stussy's claims against Long Beach would fail because the police officers executing the arrest had no duty to investigate the warrant, see Erdman, 926 F.2d at 882, and because Stussy has not shown how the officers' failure to comply with a California statute was "closely related" to his alleged constitutional injury, see Harris, 489 U.S. at 391 (must show that violation was "closely related" to the ultimate injury).
 
 C. Internal Revenue Service
 
 11
 Stussy alleged that Service employees falsely arrested him when they informed the Long Beach Police Department of his whereabouts and then participated with the police in executing his arrest. Given that we have already determined that lawfulness of Stussy's arrest, we agree with the district court that these facts do not give rise to a cause of action under the FTCA. See Arnsberg v. United States, 757 F.2d 971, 977 (9th Cir.1984), cert. denied, 475 U.S. 1010 (1986); see also Hunsucker v. Sunnyvale Hilton Inn, 28 Cal.Rptr.2d 722, 726 (finding report to police about gun in hotel room to be privileged and not subject to liability).
 
 D. Supplemental Claims
 
 12
 The district court did not abuse its discretion by dismissing Stussy's remaining claims, arising under state law. Once a district court dismisses the federal claims in an action, it is within the court's discretion to dismiss the supplemental state claims as well. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988); O'Connor v. State of Nev., 27 F.3d 357, 362-63 (9th Cir.1994), cert denied, 115 S.Ct. 1367 (1995).
 
 E. Attorneys Fees
 
 13
 The City of Long Beach requests attorney's fees under 42 U.S.C. § 1988. Because Stussy's appeal is not frivolous, unreasonable or completely meritless, we decline the City's request for fees. See Erdman, 926 F.2d at 983; Leer v. Murphy, 844 F.2d 628, 635 (9th Cir.1988).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3